IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOSEPH C. ORDUNA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. H-01-1474** |
| § | |
| **THE TEXAS COMMISSION ON** § | |
| **ALCOHOL AND DRUG ABUSE,** *et al.*, § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendants Texas Commission on Alcohol and Drug Abuse ("TCDA") and Jim McDade's ("McDade") (referred to collectively as "Defendants") Motion for Involuntary Dismissal and Opposition to Plaintiff's Motion to Reopen (Dkt. #32). After having reviewed the motion, Plaintiff's response, and the relevant law, the Court finds that Defendants' motion to dismiss should be GRANTED.

### Factual and Procedural Background

This action was originally filed in the 113th Judicial District Court of Harris County, Texas on July 28, 2000 against the state of Texas and the TCADA. Plaintiff Joseph Orduna ("Orduna") amended his petition and nonsuited the state of Texas. In Orduna's third amended petition, he added a federal claim under 42 U.S.C. § 1983 and added McDade, Golden Leadership Academy ("GLA"), and Richard Johnson ("Johnson") as Defendants. Defendants then removed the action to federal court.

On June 20, 2001 Defendants moved for a Rule 7 Reply, asserting that Orduna's third amended complaint failed to allege any conduct attributable to McDade. The Court ordered that Plaintiff provide a Rule 7 Reply, which he did on August 20, 2001. In his Rule 7 Reply, Orduna averred that he needed to depose McDade and sought permission from the Court to conduct limited

discovery on the issue of qualified immunity. On October 3, 2001, the Court granted Orduna's request. However, Orduna never deposed McDade, nor did he conduct any discovery pertaining to the issue of qualified immunity.

On March 19, 2002, the Court granted Orduna's motion for default judgment against GLA and Johnson. A final judgment was entered as to GLA and Johnson. On September 24, 2002, the District Clerk's Office accidentally closed the case as to all Defendants, including TCADA and McDade. Thereafter, Orduna pursued execution of the judgment against GLA and Johnson through November 26, 2004.

In January 2006, the Court noticed that the case had been erroneously closed and conducted a status conference with the Parties to determine whether Orduna intended to pursue the remaining claims against McDade and TCADA. In that hearing, counsel on behalf of Orduna represented to the Court that Orduna had not filed any document with the Court or sought any discovery from McDade and TCADA in over three (3) years because he was "waiting" for the Court to set a trial date.

On January 13, 2006, Orduna filed a motion to re-open the case against Defendants McDade and TCADA. The Court granted that motion and re-opened the case.

## Analysis

Defendants have moved for the Court to dismiss Orduna's remaining claims under Federal Rule of Civil Procedure 41(b). Rule 41(b) states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

F.R.C.P. 41(b). Defendants contend that there is a clear record of delay that mitigates in favor of involuntary dismissal. To support this contention, Defendants point out that Orduna has not filed

any pleading pertaining to McDade or TCADA in nearly four and a half (4 ½) years. Defendants also argue that they would be significantly prejudiced by having to resume this litigation at this late date due to the facts that TCADA was dissolved by statute (HB 2292) in 2003 and McDade retired "long ago" and has moved out of state.

In response, Orduna argues that the error of the District Clerk's Office should not cause this action to be dismissed. Orduna contends that the delay was a "clear misunderstanding regarding the position of this case . . . . caused by the Clerk's office . . . ."[1] Furthermore, Orduna represents that he "presumed" the Court would contact him when the matter was set for trial.

The power to dismiss an action for want of prosecution under Rule 41(b) is inherent in the Court. *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *Hyler v. Reynolds Metal Co.*, 434 F.2d 1064 (5th Cir. 1970). A dismissal for failure to prosecute is appropriate where there has been a significant period of inactivity by the plaintiff. *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976). "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Stearman v. Comm'r of Internal Revenue*, 2006 WL 73762, *1 (5th Cir. 2006) (citing *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005)).

The Court finds that there is a plain record of delay in this case that is not attributable to the error made by the District Clerk's Office. During the period from September 24, 2002 when the case was erroneously closed through Orduna's last motion in the default judgment proceedings against GLA and Johnson on November 26, 2004, Orduna never inquired with the Court about a trial setting or a scheduling order for the remaining Defendants. Furthermore, Orduna has represented to the Court both in the status conference on January 13, 2006 and in the pleadings before the Court

---

[1] Dkt. #33, p.3.

that Orduna failed to prosecute the claims against McDade and TCADA for over three (3) years because he was waiting for the Court to set a trial date. The Court is not required to assist Orduna with the prosecution of his claims. Orduna was represented by competent counsel who knows very well that the Court does not wait three (3) years to issue a scheduling order in any matter.

Furthermore, Orduna should have known that the case had been closed as this court action is a matter of public record. There was no excuse for Orduna to be "waiting" for the Court to schedule a trial setting for a case that was closed. Clearly, the administrative error made by the District Clerk's Office did not cause Orduna to fail to conduct any discovery or file any pleading relating to his claims against McDade or TCADA for over three (3) years.

The Court also finds that the discovery process has been undoubtedly hampered by Orduna's long delay in such a way that Defendants will be unduly prejudiced in the further prosecution of this case, if it were to proceed forward. Therefore, the Court finds that Orduna's claims against the remaining Defendants should be dismissed under Rule 41(b) for unexcused and prolonged delay.

## Conclusion

For the reasons set forth above, the Court is of the opinion that Defendants' Motion for Involuntary Dismissal and Opposition to Plaintiff's Motion to Reopen (Dkt. #32) should be GRANTED.

It is so ORDERED.

Signed this 8th day of May, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE